**FILED**

August 24, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:       DT
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | **Case No: EP:22-CR-01437-KC** |
| **Plaintiff,** § | |
| § | **I N D I C T M E N T** |
| **v.** § | |
| § | **CT 1:** 18 U.S.C. § 922(a)(1)(A), 923(a), and |
| **GRANT MOSLEY,** § | 924(a)(1)(D)—Dealing/Manufacturing |
| § | Firearms Without a License; |
| **Defendant.** § | |
| § | **CT 2:** 18 U.S.C. § 922(o) and 924(a)(2)— |
| § | Transfer or Possess a Machinegun; |

**CT 3:** 26 U.S.C. § 5861(a) and 5871—Engage in the Business as a Manufacturer/Dealer of NFA Firearms Without Special Occupational Tax;

**CT 4:** 26 U.S.C. § 5861(i) and 5871—Receive or Possess a Firearm Which is not Identified by a Serial Number as Required by NFA.

*Notice of Government's Demand for Forfeiture*

THE GRAND JURY CHARGES:

## COUNT ONE
### (18 U.S.C. § 922(a)(1)(A), 923(a), and 924(a)(1)(D))

Beginning on or about June 1, 2022, and continuing through and including on or about August 2, 2022, in the Western District of Texas, the Middle District of Florida, and elsewhere, Defendant:

### GRANT MOSLEY,

not being licensed dealers, importers, or manufacturers of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing, importing, or manufacturing firearms, all in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

## COUNT TWO
(18 U.S.C. § 922(o) and 924(a)(2))

Beginning on or about June 1, 2022, and continuing through and including on or about August 2, 2022, in the Western District of Texas, Middle District of Texas, and elsewhere, Defendant:

**GRANT MOSLEY,**

did knowingly possess/transfer a machinegun, as defined in Title 26 United States Code, Section 5845(b), that is any weapon which shoots, is designed to shoot, or can be readily restored to shoot automatically more than one shot without manual reloading by a single function of trigger; including the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended for use in converting a weapon into a machinegun, all in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## COUNT THREE
(26 U.S.C. § 5861(a) and 5871)

Beginning on or about June 1, 2022, and continuing through and including on or about August 2, 2022, in the Western District of Texas, the Middle District of Florida, Defendant:

**GRANT MOSLEY,**

knowingly engaged in the business of manufacturing and dealing in firearms, namely: machineguns as defined in Title 26, United States Code, Section 5845(b), without having paid the special occupation tax required by Title 26, United States Code, Section 5801, and without having registered as required by Title 26, United States Code, Section 5802, all in violation of Title 26, United States Code, Sections 5861(a) and 5871.

## COUNT FOUR
(26 U.S.C. § 5861(i) and 5871)

Beginning on or about June 1, 2022, and continuing through and including on or about August 2, 2022, in the Western District of Texas, the Middle District of Florida, Defendant:

2

**GRANT MOSLEY,**

knowingly received and possessed firearm(s), to wit: eighteen (18) privately manufactured machineguns as defined in Title 26 United States Code, Section 5845(b), that is a privately manufactured firearm which shoots, is designed to shoot, or can be readily restored to shoot automatically more than one shot without manual reloading by a single function of trigger, not identified by a serial number as required by Chapter 53, of Title 26, all in violation of Title 26, United States Code, Sections 5861(i) and 5871.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Forfeiture Statutes for Firearm Violations
**[18 U.S.C. §§ 922(a)(1)(A), and (o), and 924(a)(1)(D) and (a)(2), subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth in Counts One and Two, the United States gives notice to Defendant **GRANT MOSLEY** of its intent to seek the forfeiture of the properties described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

> **Title 18 U.S.C. § 924. Penalties**
> **(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (a), (l), and (o) . . . of section 922 . . . or knowing violation of section 924 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter . . .

### II.
### Forfeiture Statutes for Unregistered Firearm Manufacturing Violations
**[26 U.S.C. § 5861(a) and (i), subject to forfeiture pursuant to 26 U.S.C. § 5872(a), made applicable to criminal forfeiture by 28 U.S.C. § 2461(c)]**

As a result of the criminal violation set forth in Counts Three and Four, the United States gives notice to Defendant **GRANT MOSLEY** of its intent to seek the forfeiture of the properties

described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and 26 U.S.C. § 5872(a),

made applicable to criminal forfeiture by 28 U.S.C. § 2461(c), which states:

> **Title 26 U.S.C. § 5872(a). Forfeitures**
> **(a) Laws applicable-** Any firearm involved in any violation of the provisions of
> this chapter shall be subject to seizure and forfeiture. . .

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

ASHLEY C. HOFF
UNITED STATES ATTORNEY

BY: _____
     Assistant United States Attorney